## SEFF v. GENERAL OUTDOOR ADVERTISING CO., Inc., et al.

### Civ. No. 25967.

United States District Court
N. D. Ohio, E. D.
July 2, 1951.

Samuel T. Gaines, Cleveland, Ohio, Carl M. Myers, Akron, Ohio, for plaintiff.

Raymond T. Jackson, Cleveland, Ohio, for General Outdoor Advertising Co.

Fred J. Perkins and McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, for Outdoor Advertising, Inc.

Ernest Scott, Philadelphia, Pa., for Central Outdoor Advertising Co., Inc.

JONES, Chief Judge.

This is a private anti-trust action. Defendants are charged with conspiracy "to place unlawful restraints upon the trade and commerce in outdoor advertising between and among the several states", and with directing such conspiracy against plaintiff by the use of their position in non-competi-

tive situations to influence the competitive situation in which plaintiff conducts his business.

Plaintiff has directed 28 interrogatories to defendant, General Outdoor Advertising Company. Defendant's objections to these interrogatories are too numerous to be given separate treatment. The court will, therefore confine this memorandum to general observations except where it feels that the objections should be sustained.

Where, as here, broad charges of conspiracy and monopoly are brought against defendants, latitude must be accorded plaintiff in obtaining the information necessary to try his lawsuit. This court has many times in the past indicated that it will not allow discovery by interrogatories to become entangled in a mass of objections.

Defendant's repeated objections that certain of the interrogatories are improper because they seek confidential business information cannot be sustained. The rules of discovery contemplate disclosure of all pertinent evidence except where the information is privileged. It is not a valid objection that the information is confidential, if it is relevant and material to the controversy.

Defendant's repeated objections that it will be burdensome and expensive to answer the interrogatories must also be overruled. The value to plaintiff of the information sought clearly outweighs any annoyance and expense involved in its disclosure by defendant.

Defendant's objections to Interrogatories 3, 21, and 28 will be sustained.

Interrogatories 3 and 28 are objectionable because they call for a conclusion. Defendant is called upon to decide what comprises "a group of cities and towns in a contiguous market area".

Interrogatory 21 is objectionable because it would involve extensive research to answer it. Defendant has indicated in its brief that the information sought by this interrogatory is not readily available. If plaintiff feels that he needs the informa-

tion, however, he may resort to Fed.Rules Civ.Proc., rule 34, 28 U.S.C.A., for production of the documents which contain it.

Objections overruled except as to Interrogatories 3, 21 and 28.